UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVSION

TARACEOUS MAYERS §
*Plaintiff* §
§ CASE NUMBER
vs. §
§
PINNACLE BANK §
*Defendant*

*United States Courts*
*Southern District of Texas*
*FILED*
*SEP 16 2022*
*Nathan Ochsner, Clerk of Court*

## ORIGINAL COMPLAINT

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant PINNACLE BANK (hereinafter "Pinnacle Bank"), for violations of the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURISDITCTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U.S.C 1331.
3. Venue is proper in the because the acts and transactions occurred in this district.
4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).
5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## STANDING

6. Plaintiff has suffered injury in fact is traceable to Defendants conduct and that is likely to be redressed by a favorable decision in this matter.
7. Plaintiff further suffered concrete injury as a result of Defendants violations contained herein.
8. Plaintiff further suffered a concrete informational injury as a result of Defendants failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

9. Taraceous Mayers ("Plaintiff") is an individual who resides in Montgomery County.
10. Plaintiff is secured party of TARACEOUS MAYERS
11. Upon information and belief, Pinnacle Bank is a foreign corporation with its principal place of business at 150 3rd Avenue South, suite 900 Nashville, TN 37201 and may be served by serving its registered agent address at:

>C T Corporation System
>1999 Bryan St. Suite 900
>Dallas, Texas 75201

## FACTUAL ALLEGATIONS

12. Plaintiff is a Natural Person
13. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes ("alleged debt").
14. Plaintiff is a "consumer" as that term is defined by § 15 U.S.C. §1681a (b) and (c).
15. Defendant Pinnacle Bank is a "Furnisher" of information within the meaning of the Fair Credit Reporting Act, 15 U.S.C §1681s-2 et seq.
16. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendants regularly attempt to collect consumers debt alleged to be due.
17. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes ("alleged debt").
18. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.
19. On or about November 12, 2021, Plaintiff applied for and was denied a Residential Mortgage loan and, thereafter, obtained a copy of his consumer report, also known as a credit report, and discovered incomplete and inaccurate and false information furnished by defendant.
20. On the report, Plaintiff observed tradelines from the Defendant.
21. Defendant Pinnacle Bank furnished a tradeline of $11,443.00 allegedly owed.

22. On or about December 12, 2021 plaintiff mailed a dispute letter to Transunion LLC ("Transunion") Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, LLC ("Experian") Via Certified mail to dispute the accuracy and completeness of the information furnished by defendant and disputed every month until the filling of this action.

23. The tradeline information furnished by Defendant to consumer reporting agencies on plaintiff's credit report is false, inaccurate, and unverifiable.

24. On or about August 20, 2022 Plaintiff re-investigated results from Transunion, Experian, and Equifax where defendant verified the false information and failed to notate that the tradeline information was being disputed.

25. Upon information and belief, Transunion, Experian, and Equifax sent a dispute communicating to Defendant providing all relevant disputed information.

26. Defendants publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff, causing a decrease in his FICO scores, severe humiliation, emotional distress, and mental anguish, being denied credit and being granted credit with a much higher interest rate.

## COUNT I - VIOLATIONS OF 15 U.S.C. §1681 s-2(b)(1)(A)

27. Plaintiff re- alleges, and incorporates by reference, paragraphs one through 26 above.
28. Defendant Pinnacle Bank has violated 15 U.S.C. §1681 s-2(b)(1)(A) in that they failed to notate the information as disputed after been contacted by the Consumer Reporting agencies.
29. Defendant Pinnacle Bank has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to her credit reputation and resulting in credit damages to Plaintiff.
30. Defendant Pinnacle Bank has done so either negligently or willfully.

31. Plaintiff is entitled to actual damages, punitive damages, fees and cost Pursuant 15 U.S.C. §1681o.

32. Alternatively, Plaintiff is entitled to actual damages, and cost if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### COUNT II - VIOLATIONS OF 15 U.S.C. §1681s-2(b)(1)(B)

33. Plaintiff re-alleges and incorporates by reference paragraphs one through 32 above.

34. Defendant Pinnacle Bank violated 15 U.S.C. §1681s-2(b)(1)(B) in the fact that they failed to report the notation of the disputed information to the consumer reporting agencies.

35. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to her credit reputation and resulting in credit damages to Plaintiff.

36. Defendant Pinnacle Bank has done so either negligently or willfully.

37. Plaintiff is entitled to actual damages, punitive damages, fees and cost Pursuant 15 U.S.C. §1681o.

38. Alternatively, Plaintiff is entitled to actual damages, and cost if the violation is negligent, pursuant to 15 U.S.C. §1681n

### COUNT III- VIOLATIONS OF 15 U.S.C. §1681s-2(b)(1)(C)

39. Plaintiff re- alleges, and incorporates by reference, paragraphs one through 38 above.

40. Defendant Pinnacle Bank violated 15 U.S.C. §1681s-2(b)(1)(C) in the fact that they failed to report to Experian that the information was being disputed.

41. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to her credit reputation and resulting in credit damages to Plaintiff.

42. Defendant Pinnacle Bank has done so either negligently or willfully.

43. Plaintiff is entitled to actual damages, punitive damages, fees and cost Pursuant 15 U.S.C. §1681o.

44. Alternatively, Plaintiff is entitled to actual damages, and cost if the violation is negligent, pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff Respectfully request that judgment be entered against Defendants in an amount to be determined by a Jury.

a. Judgment for the Violations occurred for violating the FCRA
b. Statutory damages Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
c. Cost and expense incurred in this action pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

Respectfully Submitted:

s/ *TARACEOUS MAYERS*
Pro se Plaintiff
1657 Calhoun St.
Willis, TX 77378
T.Mayers20102@gmail.com